OPINION & ORDER
 

 ELLIS, United States Magistrate Judge.
 

 I. INTRODUCTION
 

 Pro se
 
 plaintiff Anthony T. Mackey (“Mackey”), currently incarcerated at Bare Hill Correctional Facility, brought this action on March 5, 2002, pursuant to 42 U.S.C. § 1983. On September 26, 2003, Mackey filed for appointment of counsel pursuant to 28 U.S.C. § 1915(e).
 

 II. BACKGROUND
 

 The complaint filed under 42 U.S.C. § 1983 apparently alleges that on September 16, 2001, co-defendants Police Officers DiCaprio # 803, Lawrence # 835, and Potanovic; and the Yonkers Police Department violated Mackey’s rights under the Eighth Amendment and subjected him to cruel and unusual punishment and/or used excessive force when they assaulted him after he complied with their request “to get on the ground” during an arrest.
 
 See
 
 Complaint (“Compl.”) at 3-4. Mackey asserts that while the co-defendants were effectuating his arrest, DiCaprio savagely beat him with a hard object, and Lawrence simultaneously began kicking him.
 
 Id.
 
 As a result of DiCaprio and Lawrence’s actions, Mackey alleges that he sustained injuries, including permanent scarring to his head, the loss of a tooth, and recurring headaches.
 
 Id.
 
 at 6. After the assault, Mackey claims that Lawrence handcuffed him and stood on his knee while questioning him.
 
 Id.
 
 at 4. Lawrence’s actions resulted in tendon damage to Mackey’s left knee.
 
 Id.
 
 at 6. Mackey also alleges that a police dog was ordered by one of the co-defendants to bite him, which resulted in a loss of “ability to control” one of the fingers on his left hand.
 
 Id.
 
 at 5. Finally, Mackey claims that the defendants dragged him up an alley causing him to lose skin on his head and upper back.
 
 Id.
 
 at 5.
 

 III.DISCUSSION
 

 “Unlike criminal defendants, prisoners and indigents filing civil actions have no constitutional right to counsel.”
 
 Barzey v. Daley,
 
 2000 WL 959713, *1, 2000 U.S. Dist. LEXIS 9510, at * 2 (S.D.N.Y. July 11, 2000). The authority to appoint counsel for prisoners in civil cases derives from 28 U.S.C. § 1915(e). This statute provides that the court may request an attorney to represent any person unable to afford counsel, but that it shall dismiss the case if the allegation of poverty is untrue or the action is frivolous or malicious.
 
 See
 
 28 U.S.C. § 1915(e)(2004). If the court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and determine “whether the indigent’s position seems likely to be of substance.”
 
 See Hendricks v. Coughlin,
 
 114 F.3d 390, 392 (2d Cir.1997) (quoting
 
 Hodge v. Police Officers,
 
 802 F.2d 58, 61-62 (2d Cir.1986)). Once this threshold requirement is met, there are several factors the court should consider in deciding to appoint counsel: (1) Mackey’s ability to investigate the crucial facts; (2) whether
 
 *DCXXIV
 
 conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; (3) Mackey’s ability to present the ease; (4) the complexity of the legal issues; and (5) any special reason in the case why appointment of counsel would be more likely to lead to a just determination.
 
 See id.
 
 at 392. As the Second Circuit has indicated, this is not to say that all or any of the factors must be controlling in a particular case.
 
 Hodge,
 
 802 F.2d at 61. “Each case must be decided on its own facts.”
 
 Covington v. Kid,
 
 1998 WL 473950, at *1, 1998 U.S. Dist. LEXIS 12222, at *3 (S.D.N.Y. Aug. 5, 1998).
 

 In this case, Mackey has made the requisite showing that he is unable to pay for counsel because of his request to proceed
 
 in forma pauperis,
 
 which was granted on March 1, 2002. While Mackey does not have to demonstrate that his claims would survive a motion to dismiss or a motion for summary judgment, the court must be satisfied from the face of the pleadings that plaintiff has made a threshold showing of merit.
 
 See Allen v. Sakellardis,
 
 2003 WL 22232902, at *2, 2003 U.S. Dist. LEXIS 17010, at *4 (S.D.N.Y Sept. 29, 2003). The merits of plaintiffs case are viewed by this Court with greater generosity because, as a
 
 pro se
 
 litigant, he may have had difficulty in fully developing his allegations.
 
 See Cooper v. A. Sargenti Co., Inc.,
 
 877 F.2d 170, 174 (2d Cir.1989). Although Mackey fails to clearly state a violation of his rights under the Eighth Amendment, his claim is not entirely without merit. He pleads that, as a result of being “savagely beaten by the Yonkers Police Department and attacked and bitten by a dog that was with the police,” he has suffered the following injuries: (1) the loss of ability to control one of the fingers on his left hand; (2) the loss of his front tooth; (3) headaches; (4) permanent scars on his head; (5) tendon damage to his left knee; and (6) recurring nightmares.
 
 See
 
 Compl. at 3-7. These allegations at least appear to have some chance of success. Thus, the Court finds that Mackey has satisfied the requirement that he made a threshold showing of merit.
 

 In examining the factors set out in
 
 Hodge
 
 and
 
 Hendricks,
 
 the Court notes that Mackey fails to state a reason why appointment of counsel would increase the likelihood of a just determination in this case, other than his general statement of “no experience in law or the matter at hand.” Application for Appointment of Counsel at 1. Mackey’s submissions, however, have been presented with care and diligence. He has not demonstrated any marked difficulties in presenting his case and there is no indication that he lacks the ability to do so. Furthermore, it appears that this case does not present novel or complex legal issues. After careful review of Mackey’s application, in light of the foregoing and considering the factors set out in
 
 Hodge
 
 and
 
 Hendricks,
 
 the Court finds that appointment of counsel is not warranted in this case. The motion is DENIED without prejudice.
 

 SO ORDERED